**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| | § | |
| VS. | § | Criminal No. 7:25-CR-02302-1 |
| | § | |
| RODOLFO CASTILLO | § | |
| | § | |
| Defendant | § | |

# DEFENDANT RODOLFO CASTILLO'S MOTION TO DISMISS COUNTS ONE, TWO, AND THREE OF THE SUPERSEDING INDICTMENT

## I. INTRODUCTION

**COMES NOW** Defendant **RODOLFO CASTILLO** ("Defendant"), by and through his attorney of record, Ricardo L. Salinas, and respectfully moves this Court pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) to dismiss Counts One, Two, and Three of the Superseding Indictment.

Counts One and Two fail to state an offense because the sole predicate regulatory violation cited — 15 C.F.R. § 30.1 et seq. of the Foreign Trade Regulations — does not carry criminal penalties enforceable under 18 U.S.C. § 554, and the conspiracy count in Count One cannot survive if its predicate object offense in Count Two is legally defective. Count Three fails because the indictment fails to note that the funds are proceeds of illegal activity, and because the indictment fails to show the manner and means of concealing the monies.

A critical threshold issue pervades all three counts: the indictment charges Rodolfo Castillo — an individual — personally for acts alleged to have been performed in his capacity as an owner and manager of Oro Ropa, LLC, a limited liability company. Under controlling corporate law principles, the LLC — not its individual members — is the legal entity responsible for its business operations, contracts, and regulatory compliance obligations. The indictment's failure to charge the LLC as the responsible entity, and its instead imputing LLC business conduct directly to the individual defendant as if no legal entity existed, constitutes an additional and independent basis for dismissal of all three counts.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Superseding Indictment charges Defendant, an owner and operator of Oro Ropa, LLC, a used clothing business in Hidalgo County, Texas, with: Count One — Conspiracy to Commit Offenses Against the United States under 18 U.S.C. § 371, predicated on the alleged failure to submit Electronic Export Information ("EEI") through the Automated Export System ("AES") as purportedly required by 13 U.S.C. § 305 and 15 C.F.R. § 30.1, and the alleged smuggling of goods under 18 U.S.C. § 554; Count Two — Smuggling of goods from the United States in violation of

18 U.S.C. §§ 554(a) and 2, predicated on the same failure to file EEI; and Count Three — Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h).

The Government alleges that on or about September 2, 2025, a tractor trailer originating from Oro Ropa LLC attempted to export approximately 79,000 kilograms of used clothing, motor oil, and food without an Electronic Export Information (EEI) filing through the Automated Export System of the Department of Commerce. The indictment does not allege that the Defendant, nor Oro Ropa, LLC, owned the goods. The indictment does not allege that the Defendant, nor Oro Ropa, LLC, had a duty to file an EEI in this transaction.

## III. LEGAL STANDARD

A defendant may seek dismissal of an indictment for "failure to state an offense" and "lack of specificity" under Federal Rules of Criminal Procedure 12(b)(3)(B)(iii) and (iv). Federal Rule of Criminal Procedure 7(c) requires that an indictment contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." Under the Sixth Amendment, an indictment must: (1) enumerate each prima facie element of the charged offense; (2) inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions. United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000). An indictment that merely recites statutory language without alleging the essential facts necessary to prove the offense is constitutionally deficient. United States v. Chappell, 6 F.3d 1095 (5th Cir. 1993).

## IV. THE INDICTMENT IMPROPERLY CHARGES THE INDIVIDUAL DEFENDANT FOR ACTS OF THE LIMITED LIABILITY COMPANY

### A. Oro Ropa, LLC Is the Legally Responsible Business Entity, Not Its Individual Members.

The indictment identifies Rodolfo Castillo as the "owner/manager of shipping of Oro Ropa." The business itself — Oro Ropa, LLC — is a Texas limited liability company. That corporate status is of profound legal significance that the Government's indictment wholly ignores.

Under Texas law, an LLC is a separate legal entity from its members and managers. See Tex. Bus. Orgs. Code §§ 101.001 et seq. The LLC itself — not its owners — holds property, enters contracts, employs workers, and bears legal obligations for its business operations. This fundamental principle of business entity law applies with equal force in federal criminal proceedings where regulatory compliance obligations are charged.

The export reporting obligations under 13 U.S.C. § 305 and 15 C.F.R. Part 30 run to the "United States Principal Party in Interest" (USPPI), defined as the "person or legal entity" receiving the primary benefit from the export transaction. 15 C.F.R. § 30.6(a)(1). If Oro Ropa, LLC was the exporter or the party arranging the shipment, then the LLC — as the legal entity conducting business — would be the USPPI, not its individual members in their personal capacities. The regulatory filing duty, if any existed at all, would belong to the LLC, not to Rodolfo Castillo as a natural person.

### B. The Indictment Fails to Pierce the Corporate Veil and Cannot Impute LLC Obligations to Individual Members.

For criminal liability to attach to individual members of an LLC for the acts of the entity, the Government must allege facts sufficient to pierce the corporate veil — that is, it must allege facts showing that the individual used the LLC as a sham or alter ego to perpetrate a fraud, or that

he disregarded the corporate form in a manner that would make individual liability appropriate. See United States v. Bestfoods, 524 U.S. 51, 61–62 (1998); United States v. Pisani, 773 F.2d 397, 402 (2d Cir. 1985) ("Ordinarily, the acts of corporate officers are the acts of the corporation.").

The Superseding Indictment contains no such allegations. It does not allege that Rodolfo Castillo commingled personal and corporate funds, failed to observe LLC formalities, undercapitalized the entity, or in any other way operated the LLC as his personal alter ego. Without these allegations, the indictment simply bootstraps the regulatory obligations of a corporate entity onto the back of its individual owner — a legally impermissible shortcut.

**C. The Export and Regulatory Duties Alleged in Counts One Through Three Are LLC Obligations, Not Individual Obligations.**

Count One and Count Two allege failure to file EEI for a shipment originating at Oro Ropa, LLC. Count Three alleges money laundering tied to the business operations of Oro Ropa, LLC. In every instance, the acts charged are business-level acts: filing export documentation for a business shipment and engaging in financial transactions on behalf of the business. These are the acts of the LLC, not of the individual natural person. The indictment's failure to charge the LLC — and its attempt instead to hold the individual member personally liable for LLC business operations without alleging alter ego or veil-piercing facts — renders every count of the indictment fatally defective as against Defendant Rodolfo Castillo.

## V. FACTUAL ERRORS IN THE INDICTMENT REQUIRE CORRECTION

In paragraph 3 of the indictment, the Government alleges that the Automated Export System is administered by the United States Department of Homeland Security, Customs and Border Protection. That is incorrect. The Automated Export System (AES) is jointly administered by U.S. Customs and Border Protection (CBP) and the U.S. Census Bureau, with the Census Bureau managing the Foreign Trade Regulations and CBP handling the operational interface through the Automated Commercial Environment (ACE). The agency with primary substantive authority over the EEI filing requirements is the Department of Commerce, which administers and enforces the United States Foreign Trade Regulations (FTR), including 15 C.F.R. Part 30. This mischaracterization, if uncorrected, will mislead the jury as to which agencies possess expertise over the regulatory scheme at issue.

The allegation in Count One, subpart (a), further mischaracterizes the EEI as a filing system rather than a document: the EEI is an electronic document generated within the AES — not a separate filing system through which documents are submitted. The indictment's allegation that defendants "failed to submit export information through EEI and AES" is therefore not only ungrammatical but also factually incorrect.

## VI. COUNT ONE FAILS TO ALLEGE WHAT THE DEFENDANT DID

The language of Count One's overt acts section fails to show that Defendant had a duty to file an AES Transmission with respect to the seized shipment. The fact that a shipment was picked up from Oro Ropa, LLC and was intended for Mexico does not impose any duty on Oro Ropa, LLC or its principals to file an EEI. The indictment fails to reflect that Oro Ropa, LLC is a corporation, and — if there were a duty to file an EEI, which Defendant contests — that duty would be imputed to the corporation and not its owners individually. The indictment does not allege what Rodolfo Castillo personally did with respect to the LLC to cause the LLC to fail to file the EEI.

The indictment also fails to show that the goods seized belonged to Oro Ropa, LLC or to Defendant personally. The shipment was loaded by buyers or owners of the goods. The indictment is also impermissibly vague as written: allegation (b) of Count One implies that the merchandise was being exported contrary to the laws of the United States simply because no AES filing was made — a legal non sequitur. Failing to file a reporting document does not transform lawful goods into contraband or render their export "contrary to law." See 18 U.S.C. § 554. Count One must be dismissed.

## VII. COUNT TWO IS FATALLY DEFECTIVE BECAUSE THE PREDICATE OFFENSE CANNOT SUPPLY THE "CONTRARY TO LAW" ELEMENT OF 18 U.S.C. § 554

### A. Section 554 Requires That the Export Be Contrary to a Separate, Enforceable Law — Not Merely a Reporting Regulation.

18 U.S.C. § 554 makes it a crime to "fraudulently or knowingly export or send from the United States or attempt to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States." The statute is clear: the merchandise itself must be exported "contrary to" a law or regulation. The statute does not criminalize the failure to file paperwork incident to an otherwise lawful export.

The Superseding Indictment identifies the predicate offense as the failure to file EEI through the AES, in violation of 13 U.S.C. § 305 and 15 C.F.R. § 30.1. Critically, used clothing, motor oil, and food are not contraband. They are not controlled, prohibited, restricted, or otherwise unlawful to export. Their export is entirely legal. The only alleged illegality is an administrative failure to file export documentation. That failure does not render the export itself "contrary to law" within the meaning of § 554.

### B. 15 C.F.R. Part 30 Is a Statistical Reporting Regime, Not an Export Control Statute.

15 C.F.R. Part 30, Subpart A establishes the Foreign Trade Regulations ("FTR") administered by the U.S. Census Bureau. The FTR's stated purpose is to implement 13 U.S.C. Chapter 9 for the collection of statistical data on U.S. exports — not to restrict or prohibit the export of any goods. The EEI filing requirement under § 30.2 is designed to capture statistical information about exports. The FTR contains its own comprehensive enforcement scheme — including civil penalties and voluntary self-disclosure procedures — independent of and distinct from 18 U.S.C. § 554. The Government cannot recharacterize a failure-to-file administrative violation as felony smuggling under § 554 simply by incorporating 15 C.F.R. § 30.1 as the predicate "contrary to law" offense.

### C. Used Clothing, Motor Oil, and Food Are Not Goods Whose Export Is Prohibited by Law.

The goods at issue — used clothing, motor oil, and food — are not subject to any export prohibition, export control classification number (ECCN), State Department restriction under the ITAR, or Commerce Department restriction under the EAR. Their export to Mexico requires no export license. The failure to file an EEI does not transform lawful merchandise into contraband or render the export "contrary to law" within the meaning of § 554. Count Two must be dismissed.

## VIII. COUNT THREE FAILS TO ALLEGE ESSENTIAL ELEMENTS OF 18 U.S.C. § 1956(a)(2)

### A. The Indictment Fails to Allege That the Funds Were Proceeds of Illegal Activity.

An essential element of all money laundering statutes cited in the indictment is that the funds involved in the alleged financial transactions must constitute proceeds of some form of illegal activity. The Superseding Indictment fails entirely to identify the funds as proceeds. The funds were, in fact, provided by the Government through an undercover operation, and thus would need to have been represented by the informant or Undercover Agent (UCA) as proceeds of specified unlawful activity. A review of the contacts between the defendant, the informant, and the UCA reveals that no such representation was made. Count Three must be dismissed because: (1) the funds are not identified as proceeds of illegal activities; (2) the indictment does not describe what the Defendant did to commit the alleged money laundering; and (3) the indictment fails to identify the funds with sufficient particularity.

**B. Cuellar v. United States Requires That Concealment Be the Purpose of the Transfer — Not Merely Its Method.**

The Supreme Court's unanimous decision in Cuellar v. United States, 553 U.S. 550 (2008), arising from the Fifth Circuit, is controlling and dispositive. In Cuellar, the Court held that a conviction under § 1956(a)(2)(B)(i) requires proof that concealment of a listed attribute was the purpose of the transportation — not merely that the funds were physically hidden during transit. The Court drew a critical distinction between concealing something to transport it and transporting something to conceal it — only the latter satisfies § 1956(a)(2)(B)(i). 553 U.S. at 566.

The Fifth Circuit recently followed Cuellar in United States v. McGuire, 163 F.4th 882, 915 (5th Cir. 2025), noting that failure to use banking institutions was insufficient to support a conviction under the concealment prong. The indictment in this case contains no factual allegations identifying any specific design to conceal or disguise the nature, location, source, ownership, or control of any funds. There is no allegation of shell companies, nominee accounts, layered transactions, false representations to financial institutions, or any effort to commingle proceeds with legitimate funds. Without such factual allegations, the indictment's bare recitation of the statutory phrase "designed to conceal or disguise" is constitutionally insufficient. Count Three must be dismissed.

**C. The Indictment Fails to Distinguish Between the Promotional and Concealment Prongs of § 1956(a)(2).**

Count Three charges both the promotional prong (intent to promote specified unlawful activity under § 1956(a)(2)(A)) and the concealment prong (knowing that the transfer was designed to conceal or disguise proceeds under § 1956(a)(2)(B)). These are legally distinct theories requiring distinct proof. An indictment charging both simultaneously without alleging specific facts supporting each theory independently violates Rule 7(c)(1) and the Sixth Amendment's notice requirement. See United States v. Chappell, 6 F.3d 1095 (5th Cir. 1993). Count Three must be dismissed.

## IX. CONCLUSION

For the foregoing reasons, Defendant Rodolfo Castillo respectfully requests that this Court dismiss Counts One, Two, and Three of the Superseding Indictment. The indictment is constitutionally defective in multiple and compounding respects: it charges an individual defendant for the acts of his LLC without alleging veil-piercing facts; it attempts to convert a statistical reporting violation into felony smuggling and money laundering; and it fails throughout to provide the factual specificity required by Rule 7(c)(1) and the Fifth and Sixth Amendments.

An indictment that leaves a defendant searching for a crime is inadequate and unconstitutional. No defendant should be required to go to trial when the government has not sufficiently and adequately laid out its case in plain language, using concrete alleged overt acts, to suggest that a defendant violated United States law. This Court should dismiss Counts One, Two, and Three of the Superseding Indictment as to Defendant Rodolfo Castillo.

Respectfully submitted

SALINAS - FLORES
2011 North Conway
Mission, Texas 78572
(956) 584-3900 Telephone
rsalinaslaw@yahoo.com

By: /s/ Ricardo L. Salinas
Ricardo L. Salinas
Federal ID No. 19693

Attorney for Defendant Rodolfo Castillo

---

**CERTIFICATE OF CONFERENCE**

Counsel for Defendant has conferred with counsel for the Government regarding the relief requested in this Motion. The Government is OPPOSED to the relief requested herein. Accordingly, this motion is submitted to the Court for determination.

/s/ Ricardo L. Salinas
Ricardo L. Salinas

---

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2026, a true and correct copy of the foregoing Defendant Rodolfo Castillo's Motion to Dismiss Counts One, Two, and Three of the Superseding Indictment was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/ Ricardo L. Salinas
Ricardo L. Salinas