**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **Criminal No. 7:25-CR-02302-1** |
| | § | |
| **RODOLFO CASTILLO** | § | |
| | § | |
| **Defendant** | § | |

**ORDER ON DEFENDANT RODOLFO CASTILLO'S MOTION TO DISMISS COUNTS ONE, TWO, AND THREE OF THE SUPERSEDING INDICTMENT**

On this day, the Court considered Defendant Rodolfo Castillo's Motion to Dismiss Counts One, Two, and Three of the Superseding Indictment filed in the above-captioned cause. The Court, having reviewed the Motion, the Government's response, any reply thereto, the record, and the applicable law, is of the opinion that the Motion should be GRANTED / DENIED.

The Court finds as follows:

1. Defendant Rodolfo Castillo moves to dismiss Counts One, Two, and Three of the Superseding Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), on the grounds that the indictment fails to state an offense, lacks the factual specificity required by Rule 7(c)(1), and fails to provide the Defendant with constitutionally adequate notice of the charges against him.

2. Count One (Conspiracy to Commit Offenses Against the United States, 18 U.S.C. § 371) and Count Two (Smuggling of Goods from the United States, 18 U.S.C. §§ 554(a) and 2) are predicated upon the alleged failure to file Electronic Export Information (EEI) through the Automated Export System in alleged violation of 13 U.S.C. § 305 and 15 C.F.R. § 30.1. The Court finds that 15 C.F.R. Part 30 constitutes a statistical reporting regime administered by the U.S. Census Bureau and does not constitute an export control law or regulation sufficient to supply the "contrary to law" element required under 18 U.S.C. § 554.

3. The indictment charges Rodolfo Castillo, an individual, for acts that are alleged to have been performed by or on behalf of Oro Ropa, LLC, a Texas limited liability company. The indictment contains no allegations sufficient to pierce the corporate veil or to establish individual liability for the regulatory or business obligations of the LLC.

4. Count Three (Money Laundering Conspiracy, 18 U.S.C. § 1956(h)) fails to allege that the funds involved were proceeds of specified unlawful activity. The indictment further fails to allege facts demonstrating that any financial transfer was designed for the purpose of concealment as required by Cuellar v. United States, 553 U.S. 550 (2008), and as recently reaffirmed by the Fifth Circuit in United States v. McGuire, 163 F.4th 882 (5th Cir. 2025).

IT IS THEREFORE ORDERED that Defendant Rodolfo Castillo's Motion to Dismiss Counts One, Two, and Three of the Superseding Indictment is hereby GRANTED.

IT IS FURTHER ORDERED that Counts One, Two, and Three of the Superseding Indictment are hereby DISMISSED as to Defendant Rodolfo Castillo.

SIGNED this ______ day of __________________, 2026.

________________________________________
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION