**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 7:25-cr-2302 |
| | § | |
| RODOLFO CASTILLO | § | |
| BERTHA ALICIA CASTILLO | § | |

**UNITED STATES' RESPONSE**
**TO DEFENDANTS' MOTION TO DISMISS COUNTS ONE, TWO, THREE, FOUR, FIVE, SIX, SEVEN, AND EIGHT OF THE SUPERSEDING INDICTMENT**

The United States ("United States," "Government") files its response to Defendants Rodolfo Castillo and Bertha Alicia Castillo's motion to dismiss counts one, two, three, four, five, six, seven, and eight of the superceding indictment ("superceding indictment," "indictment") [doc no. 95].

**SUMMARY OF THE ARGUMENT**

1. The fundamental purpose of an indictment is to inform a defendant of the charges against him so that he may adequately prepare and defend himself at trial; it need not set out the evidentiary details by which the Government plans to establish the defendant's guilt. Because the indictment does just that, Defendants' request for evidentiary details in *excess* of what an indictment requires is contrary to black letter law. That's the basis for Defendants' request to dismiss counts 1, 3, 4, 5, 6, 7, and 8, and the Court should reject the request accordingly.

2. That, also, is true for Defendant's "critical threshold issue [allegedly] pervading all eight counts," doc. 95 at 1, which is not a threshold issue but a red herring: Defendants' argument that the superceding indictment must include facts piercing the Oro Ropa LLC corporate veil in order to charge Defendants not only asks for facts in excess of what an indictment requires, but embodies a disingenuous—and impermissible—attempt to import civil law principles into the criminal law

context. It must be rejected. And the same is true for Defendants' claim that count 3 violates *Cuellar* by failing to provide factual assertions showing that the concealment money laundering charged was done for the purpose of concealing the transfer and was not just its method; that count 3 separately fails because it does not identify the allegedly laundered funds as the proceeds of unlawful activity or identify those funds with "sufficient particularity"; that count 3 fails because it does not describe what the defendants did to commit the money laundering (elsewhere, that count 3 does not describe the "manner and means" of the money laundering); and that count 3 fails because it does not plead facts showing whether it charges concealment or promotion money laundering—all are well beyond what is required to be pled factually at the indictment stage.

3. Similarly, Defendants' request for details of the elements of the object crimes of the conspiracies with which each is charged is also in *excess* of what an indictment requires and is contrary to black letter law: the conspiracy is the crime for which notice is required not the object crime or crimes. That's the basis for Defendants' request to dismiss counts 1 and 3, and the Court should reject the request accordingly.

4. That is also true for Defendant's argument that the law and regulation the indictment cites as its predicate violation for the conspiracy to violate § 554 and substantive § 554 charge "do not carry criminal penalties enforceable under 18 U.S.C. § 554, and the conspiracy count in Count One cannot survive if its predicate object offense in Count Two is legally defective." Doc. 95 at 2. That is incorrect; the indictment gives Defendants notice of the conspiracy with which it charges them: conspiracy to violate § 554 based on two predicate statutes. And the same is true of Defendant's claims that the indictment impermissibly charges them with conspiracy to commit both concealment and promotion money laundering: the indictment gives them what is required, and that is notice of the crime it is charging them with—conspiracy to commit concealment and promotional money laundering—not notice of the specific elements of the object crimes.

Defendants' arguments in this connection must be rejected.

5. Finally, Defendants' argument that a 18 U.S.C. § 554 violation can only exist where the underlying violation is one of "criminal law" flies in the face of the plain language of the statute, which makes clear that § 554 applies to "export[s] . . . contrary to any *law* or *regulation*", see 18 U.S. Code § 554 (emphasis added)—not just "criminal laws," as Defendants would have it, even though one of the predicate violations pled in the indictment carries a maximum of five years in prison for the failing to file that Defendants argue is a mere "statistical reporting violation," *see* doc. 95 at 8.

6. For these reasons, the Court must deny Defendants' motion to dismiss.

## ARGUMENT AND AUTHORITIES

7. "In reviewing a challenge to an indictment alleging that it fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (citing *United States v. Crow*, 164 F.3d 229, 234 (5th Cir. 1999)).

8. Under Federal Rule of Criminal Procedure 7, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against him and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983).

9. "[I]t is settled law that conspiring to commit a crime is an offense wholly separate from the crime which is the object of the conspiracy and a conspiracy charge need not include the elements of the substantive offense the defendant may have conspired to commit." *United States v. Martinez*, 921 F.3d 452, 471 (5th Cir. 2019). That is, "the conspiracy is the crime . . . however diverse its

objects." *United States v. Mauskar*, 557 F.3d 219, 225 (5th Cir. 2009). Thus, "[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous." *Id*.

### I. Count 4 alleging a conspiracy to violate 8 USC 1324 provides sufficient facts to place the Defendants on notice of the offenses alleged in the indictment.

10. In 1908 the Supreme Court held in *Williamson v. United States* that "in a charge of conspiracy the conspiracy is the gist of the crime, a certainty, to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is requisite in stating object of the conspiracy [in an indictment]." *Williamson v. United States*, 207 U.S. 425, 447 (1908). "In charging such a conspiracy 'certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is necessary.'" *Id.* The Fifth Circuit, in *accord* with the Supreme Court, has further held that "the government is not limited to overt acts pleaded in proving a conspiracy. It may show other acts of the conspirators occurring during the life of the conspiracy." *United States v. Perez*, 489 F.2d 51, 70 (5th Cir. 1973).

11. Defendants ask this Court to overturn over 100 years of precedent when Defendants claim the "how, when or by what means" is necessary in a conspiracy offense alleged in an indictment. *See Id*. Similarly, the Defendants may not succeed because he or she is unaware of the co-conspirators names as that is not required for a conspiracy charge in an indictment. *See Perez* at *70*; *see also United States v. Briggs*, 514 F.2d 794, 805 (5th Cir. 1975) ("The government may introduce evidence at trial of a person's participation in a conspiracy and thereby ascribe his acts and statements to the co-conspirators even if that person is not named in the indictment.").

### II. Counts 5, 6, and 7 alleging a violation of 8 USC 1324 and Count 8 alleging 1324a violations provide sufficient facts to place the Defendant on notice of the offenses alleged in the indictment.

12. Here, Counts 5, 6, and 7 alleging a substantive violation of 8 USC § 1324(a)(1)(A)(iv), by

"encourag[ing] or induc[ing]" a specified criminal illegal alien to "enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence in the United states was in violation of law," is on its face "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

13. Similarly, Count 8 alleges the Defendants "engaged in a pattern or practice of hiring for employment or continuing the employment of, in the United States, on or more aliens whose identity is known to the Grand Jurors knowing the alien or aliens was or were unauthorized aliens…" which is on its face "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

14. This is so because "it is generally sufficient that an indictment set forth the offense in the words of the statute itself." *Hamling v. United States,* 418 U.S. 87, 117 (1974). "And it need not set out the 'evidentiary details by which the government plans to establish' the defendant's guilt.'" *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991) (citing *United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir. 1986)). Counts 5, 6, 7, and 8 alleged in the indictment do just that and are facially sufficient to appraise the Defendant of the offense. *See Id.*

15. Further, the Supreme Court in *United States v. Hansen* foreclosed the Defendants' claim that "proof of intent and knowledge" are required "elements" under 8 USC § 1324(a)(1)(A)(iv) necessary in the indictment. *United States v. Hansen*, 599 U.S. 762, 780 (2023). "There is a simple explanation for why 'encourages or induces' [in 8 USC § 1324(a)(1)(A)(iv)] is not modified by an express *mens rea* requirement: *There is no need for it*. At the risk of sounding like a broken record, "encourage" and "induce," as terms of art, carry the usual attributes of solicitation and facilitation—including, once again, the traditional *mens rea*.") (emphasis added). *Id.*

16. Lastly, Defendants claim that something more than "mere employment" of illegal aliens is a required "element" under 8 USC § 1324(a)(1)(A)(iv) that is absent from the disputed indictment.

But the Defendant's proposed defense of "merely employing" the illegal aliens is exactly that, a defense to *conviction*, not a basis to dismiss an indictment. Defendants rely on *United States v. Anderton* holding "when the elements of Section 1324(a)(1)(A)(iv) are properly stated to the jury, they require 'a level of knowledge and intent beyond the mere employment of illegal aliens.'" *United States v. Anderton*, 901 F.3d 278, 284 (5th Cir. 2018) (citing *United States v. Khanani* 502 F.3d 278, 284 (11th Cir. 2007).

17. Importantly, the *Khanani* Court based its opinion on a violation of harboring criminal illegal aliens under 8 USC § 1324(a)(1)(A)(iii), and in 2010, in *Edwards v. Prime Inc.*, the Eleventh Circuit revisited the "mere employment" holding in *Khanani* and clarified that "a holding that X + Y is enough to violate a provision does not mean that X alone is not enough. And that is true even if we say in our opinion in a case involving both X and Y that X alone would not be enough. We have pointed out many times that regardless of what a court says in its opinion, the decision can hold nothing beyond the facts of that case." *Edwards v. Prime Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010).

18. *United States v. Anderton* did not *create* an additional element under 8 USC § 1324(a)(1)(A)(iv) as defendants claim, nor have other district Courts required something more than "mere employment" for similar charges under 8 USC § 1324. *See United States v. La. Home Elevations*, No. 11-274, 2012 U.S. Dist. LEXIS 41512, at *15 (E.D. La. 2012) ("the fact that employment plus "something more" is sufficient to constitute a harboring charge does not necessarily compel the conclusion that employment alone is insufficient [for an indictment]." *See, e.g., United States v. Acambaro Mexican Rests., Inc.*, No. 08-50009, 2008 U.S. Dist. LEXIS 119081, 2008 WL 2079147, at *2 (W.D. Ark. May 15, 2008) (denying motion to dismiss indictment alleging that defendants harbored illegal aliens by "providing said aliens with a means of financial support through employment" and noting that "having a job where one's immigration

status is not scrutinized would make it substantially easier to remain in this country illegally than not having such a job").

**III. Defendants' argument that the superceding indictment must include facts piercing the Oro Ropa LLC corporate veil in order to charge Defendants, first, demands facts in excess of what an indictment requires and, second, impermissibly attempts to import civil law principles into the criminal law context and must be rejected.**

Defendants aver that "for criminal liability to attach to individual members of an LLC[,] [such as Oro Ropa LLC][,] for the acts of the entity, the Government must allege facts sufficient to pierce the corporate veil . . . [and] allege facts . . . that would make individual liability appropriate." *See* doc. 95 at 3. That argument wholly fails to understand the criminal jurisdiction of United States district courts and attempts to, disingenuously and impermissibly, import principles of civil law into the criminal context.

Federal district courts "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. "That jurisdiction is invoked by an indictment charging a defendant with violating federal law." *United States v. Romans*, 823 F.3d 299, 315 (5th Cir. 2016). "To invoke that grant of subject matter jurisdiction, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute. That is the extent of the jurisdictional analysis." *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013). This is true "even if the indictment is defective." *See United States v. Cotton*, 535 U.S. 625, 630–31 (2002).

The indictment charges Defendants with violating federal law by committing an offense against the United States; in consequence, no veil piercing is necessary. "The principles that govern civil proceedings do not apply to this criminal case." *See United States v. Bello*, No. 4:23-CR-00136-ALM-BD, 2024 WL 5319688, at *2 (E.D. Tex. Dec. 12, 2024), report and recommendation adopted, No. 4:23-CR-136, 2025 WL 33465 (E.D. Tex. Jan. 6, 2025), appeal dismissed, No. 25-40073, 2025

WL 2965190 (5th Cir. Oct. 21, 2025) (rejecting pro se litigant's argument that the court did not have subject matter jurisdiction over federal criminal charges brought against him in an indictment because the United States had not "pierced the corporate veil"). The United States has charged Defendants in a criminal indictment, thus invoking the District Court's subject matter jurisdiction. The Defendants' argument that facts must be pled piercing the corporate veil in order to attribute the acts alleged in the indictment to them and not Oro Ropa LLC must be rejected.

## IV. Defendants' argument that Count 1 alleging conspiracy to violate § 554 must be dismissed because the § 554 object crime's predicate offense is an export regulation violation and not a violation of criminal law fails because, first, it demands details of the elements of the object crimes of the conspiracy with which Defendants are charged beyond what is required at the indictment stage, and, second, the plain language of § 554 makes clear that it applies to "export[s] . . . contrary to any law or regulation", *see* 18 U.S. Code § 554 (emphasis added)—not just "criminal laws," as Defendants would have it. For the latter reason, Defendants' argument that Count 2 alleging substantive violations of § 554 should be dismissed must be rejected.

Defendants argue that § 554 requires as its predicate violation a violation of criminal law and, because the indictment charges Defendants with conspiracy to violate § 554 as well as substantive § 554 and cites as the § 554 predicate violation non-criminal laws—13 United States Code § 305 and 15 Code of Federal Regulations § 30.1— both the conspiracy charge and the substantive charge must be dismissed. But, as the Fifth Circuit has made clear, "a conspiracy charge need not include the elements of the substantive offense the defendant may have conspired to commit." *United States v. Martinez*, 921 F.3d 452, 471 (5th Cir. 2019).

Thus, even if it were true that § 554 requires an export to be contrary to a criminal law and not a regulation, that would not merit dismissing the indictment—stating the elements of the substantive offense that the Defendants are alleged to have conspired to commit is premature at the indictment stage and cannot be required.

But Defendants' claim regarding the predicate violations is, in any case, not true.

Defendants' argument elides the text of the § 554 statute, which proscribes "export[s] . . . contrary to *any* law or *regulation.*" *See* 18 U.S. Code § 554 (emphasis added). As Defendants correctly note, "the Superseding Indictment identifies the [§ 554] predicate offense as the failure to file EEI through the AES, in violation of 13 United States Code § 305 and 15 Code of Federal Regulations § 30.1." The former is a felony *law*, setting out a maximum punishment of five years imprisonment for its violation, whether by failing to file or by submitting false or misleading information. *See* 13 U.S. Code § 305. The latter, as made clear by its name, is a *regulation*.

And that provides a separate and independent reason for why the conspiracy to violate § 554 cannot be dismissed, and a controlling reason for why the substantive § 554 charge cannot be.

## V. Defendants' argument that "count one fails to allege what the defendants did" demands facts in excess of what an indictment requires and must, accordingly, be rejected.

Defendants aver that "[t]he language of Count One's overt acts section fails to show that either defendant had a duty to file an AES Transmission with respect to the seized shipment." Doc. 95 at 4. But such a level of granularity is not required at the indictment stage. *See, e.g., United States v. Perez*, 489 F.2d 51, 70 (5th Cir. 1973) ("the government is not limited to overt acts pleaded in proving a conspiracy."). The Court should reject Defendants' argument in this connection.

## VI. Defendants' argument that the conspiracy to commit concealment and promotion money laundering charges must be dismissed because they fail to distinguish between the two types of money laundering Defendants are charged with, whether by facts or otherwise, fails because it demands evidentiary details and details of the conspiracy's object crimes that is not required at the indictment stage. The same is true for Defendants' claims that facts must be pled showing that the purpose of the laundering scheme was concealment, not the method; that facts must be pled identifying the funds as the proceeds of illegal activity; that facts must be pled identifying the funds

**with "sufficient particularity"; and that facts must be pled showing what the defendants did to commit the money laundering/the "manner and means" of the money laundering.**

Defendants argue Count Three charges "legally distinct theories[,] [promotional money laundering and concealment money laundering][,] requiring distinct proof," and that "[a]n indictment charging both simultaneously without alleging specific facts supporting each theory independently violates Rule 7(c)(1) and the Sixth Amendment's notice requirement." Doc 95 at 6. This is a simple misstatement of the law.

As the Fifth Circuit has made clear, "[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime . . . however diverse its objects." *United States v. Mauskar*, 557 F.3d 219, 225 (5th Cir. 2009). In other words, "[t]hat an indictment alleges more than one means by which conspirators sought to accomplish a scheme does not render it duplicitous." *Id.* And, as they do throughout, Defendants also here believe that the indictment requires more facts to be pled than are required. Defendants' arguments should be rejected.

It is unclear what Defendants mean to accomplish their *Cuellar* argument. *Cuellar*, as Defendants correctly note, "held that a conviction under § 1956(a)(2)(B)(i) requires proof that concealment of a listed attribute was the purpose of the transportation — not merely that the funds were physically hidden during transit." *See* doc. 95 at 5 ("there is a fundamental legal difference between concealing something to transport it and transporting something to conceal it") (quoting *Cuellar v. United States*, 553 U.S. 550, 566 (2008)). But the indictment's inclusion of facts consonant with *Cuellar*, or the indictment's inclusion of facts offending *Cuellar*, would be in either case going far beyond what an indictment requires. Defendants' argument here must be rejected.

19. The same is true of Defendants' laundry list of the money laundering conspiracy's object

crime's elements they say require more facts to be pled to survive dismissal: facts showing that the purpose of the laundering scheme was concealment, not the method; facts identifying the funds as the proceeds of illegal activity; facts identifying the funds with "sufficient particularity"; and facts showing what the defendants did to commit the money laundering/the "manner and means" of the money laundering. As explained at IV, supra, "a conspiracy charge need not include the elements of the substantive offense the defendant may have conspired to commit," *see Martinez*, 921 F.3d at 471—much less does it need include granular factual detail on those elements. *See Hamling,* 418 U.S. at 117 ("it is generally sufficient that an indictment set forth the offense in the words of the statute itself."); *Moody*, 923 F.2d at 351 (the indictment "need not set out the 'evidentiary details by which the government plans to establish' the defendant's guilt").

The Court should reject Defendants' arguments in this connection.

**CONCLUSION**

Defendants' motion to dismiss [doc. 95] the indictment requests the Court impose on the United States a pleading standard for the indictment—both with respect to its factual sufficiency and, where conspiracies are charged, the degree of detail required to describe the elements of the object offenses of the conspiracies charged—far more exacting than what the law requires. The Court should reject that request, deny Defendants' motion to dismiss in its entirety, and let all the counts in the superceding indictment stand.

Respectfully submitted,

John G.E. Marck
ACTING UNITED STATES ATTORNEY

*<u>/s/ Benjamin S. Lyles</u>*
Patricia Cook Profit, Attorney-in-Charge
Benjamin Storey Lyles

Assistant United States Attorneys
Southern District of Texas

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of May, 2026, a copy of the foregoing Response was emailed to the attorney of record for the defendant in this case.

*/s/ Benjamin S. Lyles*
Patricia Cook Profit, Attorney-in-Charge
Benjamin Storey Lyles
Assistant United States Attorneys
Southern District of Texas